**ENVIRON PRODUCTS, INC., Plaintiff,**

v.

**TOTAL CONTAINMENT, INC., Defendant.**

**Civil Action No. 95–4467.**

United States District Court, E.D. Pennsylvania.

Dec. 11, 1996.

Order Denying Reconsideration Jan. 17, 1997.

John J. Marshall, Arthur H. Seidel, Seidel, Gonda, Lavorgna & Monaco, P.C., Joseph R. Del Master, Jr. Seidel, Gonda, Lavorgna and Monaco, P.C., Philadelphia, PA, for Environ Products, Inc.

Charles J. Bloom, Stevens & Lee, P.C., Wayne, PA, James J. Merek, Merek & Voorhees, Alexandria, VA, Total Containment, Inc.

Charles N. Quinn, Dann, Dorfman, Herrell & Skillman, Philadelphia, PA, for Furon Company.

### *MEMORANDUM*

GAWTHROP, District Judge.

Pursuant to Fed.R.Civ.P. 12(f), the plaintiff in this patent infringement case has moved to strike Defendant's recently pled Fourteenth Affirmative Defense. Because I find as a matter of law that this Defense cannot succeed, I shall grant Plaintiff's Motion to Strike.

## I. Background

Plaintiff Environ Products, Inc. and Defendant Total Containment, Inc. ("TCI") are no strangers to this court. They previously were engaged in patent litigation in Civil Action No. 91–7911. The instant case began when Environ filed a complaint against TCI on July 19, 1995, alleging patent infringement and inducement to infringe several patents, including patent 5,297,896 ("the '896 patent").

With the leave of this court, TCI recently filed its Second Amended Answer, Affirmative Defenses and Counterclaims. The Second Amended Answer adds a Fourteenth Affirmative Defense, which fills a total of ten (10) pages. In brief, this defense alleges that patent '896 is unenforceable due to the inequitable conduct of Plaintiff and its agents, including its attorney Joseph R. DelMaster, Jr., before the Patent and Trademark Office ("PTO") during the reexamination of patent '896. More specifically, TCI argues that Environ's counsel withheld material information from the PTO by not conveying Environ's interpretation of 35 U.S.C. § 305 advanced before this court in Civil Action No. 91–7911. Environ now moves to strike TCI's Fourteenth Affirmative Defense on the grounds that this pleading (1) does not comply with the Federal Rules of Civil Procedure on notice pleading because it is too particularized; (2) is redundant; (3) threatens prejudice to Environ; and (4) states an insufficient defense.

## II. Applicable Pleading Rule

■ A preliminary issue is whether TCI should have pleaded its allegations of inequitable conduct under Federal Rule of Civil Procedure 8(a) which requires mere notice, or under 9(b) which requires particularity in pleading. Although the Federal Circuit has not ruled on which pleading rule applies to such allegations, most federal courts have concluded that Fed.R.Civ.P. 9(b) is the appropriate rule. See, e.g., EMC Corp. v. Storage Technology Corp., 921 F.Supp. 1261 (D.Del.1996); Chiron Corp. v. Abbott Labs., 156 F.R.D. 219 (N.D.Cal.1994). See also Donald S. Chisum, Patents § 19.03[6][b] (1996) (collecting cases). I find their reasoning persuasive and thus conclude Fed.R.Civ.P. 9(b) applies to TCI's Fourteenth Affirmative Defense. Further, I find that TCI has met its pleading obligations under Fed.R.Civ.P. 9(b). This rule mandates that: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." TCI has more than fully complied with this rule in pleading its Fourteenth Affirmative Defense by providing ten pages of particularity.

## III. Motion to Strike Defense as Redundant

■ Environ next argues that, in light of TCI's Twelfth Affirmative Defense, TCI's Fourteenth Affirmative Defense should be stricken, pursuant to Fed.R.Civ.P. 12(f), as redundant. Rule 12(f) permits the court to "order stricken from any pleading any ... redundant ... matter." Redundant matter "consists of allegations that constitute a needless repetition of other averments." Wright & Miller, Federal Practice and Procedure § 1382 at 704 (1990). TCI's Twelfth and Fourteenth Affirmative Defenses are not repetitious. The latter defense states that claims 33 through 47 of reexamined patent '896 are invalid for Environ's failure to comply with 35 U.S.C. § 305. If proved, the Twelfth Affirmative Defense would render only the specified claims invalid. Quantum Corp. v. Rodime, PLC, 65 F.3d 1577, 1582–84 (1995), cert. denied, ––– U.S. –––, 116 S.Ct. 1567, 134 L.Ed.2d 666 (1996). In contrast, if the inequitable conduct alleged in the Fourteenth Affirmative Defense was proved, the entire patent would be rendered unenforceable. J.P. Stevens & Co., Inc. v. Lex Tex Ltd., Inc., 747 F.2d 1553, 1560–61 (Fed.Cir.1984), cert. denied, 474 U.S. 822, 106 S.Ct. 73, 88 L.Ed.2d 60 (1985). Given the difference in potential penalties, these defenses are not redundant, and I shall not strike the Fourteenth Affirmative Defense on those grounds.

## IV. Motion to Strike Defense as Prejudicial

■ Environ's argument that TCI's Fourteenth Affirmative Defense threatens prejudice to their case does not support granting a motion to strike. Motions to strike "usually

will be denied unless the allegations have no possible relation to the controversy *and* may cause prejudice to one of the parties." Wright & Miller, § 1382 at 685–90 (emphasis added). An allegation of inequitable conduct most certainly is related to a claim of patent infringement. While the prospect of having counsel deposed perhaps will cause some barristerially awkward moments, I do not find any potential prejudice arising from that deposition to be so substantial as to cause the granting of the motion to strike.

■ TCI also alleges that TCI's Fourteenth Affirmative Defense is an exercise of vengeance. I can find no authority, nor does Environ cite any, stating that motivation for raising a defense is relevant to its viability in the context of a motion to strike. It is true that the allegation that opposing counsel has comported himself inequitably does have a certain *ad hominem* ring to it, suggesting that the gloves are now off. But that the gloves may be off does not necessarily mean that one is resorting to brass knuckles. Regrettably, however, it does appear that I spoke too quickly in my opinion of August 21, 1996 when I said that these same lawyers "know how to be opponents without being enemies, how to fight the good fight without making it personal or taking it personally."

## V. *Motion to Strike Defense as Insufficient*

■ Environ further contends that TCI's Fourteenth Affirmative Defense is insufficient and should be stricken pursuant to Fed.R.Civ.P. 12(f). Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense...." Generally, however, motions to strike pursuant to Rule 12(f) are disfavored. *See* Wright & Miller, § 1380 at 647 (collecting cases). If there are disputed questions of either fact or law, the motion to strike should be denied. *Resolution Trust Corp. v. Farmer*, 823 F.Supp. 302, 305–06 (E.D.Pa.1993). Courts prefer to address disputed questions of law or fact only after there has been an opportunity for discovery and a hearing. *See* Wright & Miller § 1381 at 673–76 (citations omitted). Yet a motion to strike is the primary means for objection to an insufficient affirmative

defense. *Id.* at 305. The decision to strike an affirmative defense is based on the pleadings alone. *North Penn Transfer, Inc. v. Victaulic Co.*, 859 F.Supp. 154, 159 (E.D.Pa. 1994); *Total Containment, Inc. v. Environ Products, Inc.*, 1992 WL 208981 at *1 (E.D.Pa. Aug. 19, 1992). An affirmative defense is insufficient if it is not recognized as a defense to the cause of action. *Total Containment, Inc.*, 1992 WL 208981 at *1. The insufficiency of the defense must be "clearly apparent" because courts "should restrain from evaluating the merits of a defense where ... the factual background for a case is largely undeveloped." *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir.1986), *cert. denied*, 479 U.S. 1043, 107 S.Ct. 907, 93 L.Ed.2d 857 (1987).

On the surface, TCI's Fourteenth Affirmative Defense is sufficient. This defense alleges inequitable conduct, and inequitable conduct is recognized as a defense to a claim of patent infringement. *See, e.g., J.P. Stevens & Co., Inc.*, 747 F.2d at 1561.

■ Pleading with particularity, however, permits courts to delve beneath the surface of an allegation and to test its foundation. TCI's Fourteenth Affirmative Defense rests on the premise that asserting inconsistent interpretations of the law before the PTO and this court constitutes inequitable conduct. In Civil Action No. 91–7911, Environ expressly interpreted 35 U.S.C. § 305 as excluding a claim cancelled in reexamination as the standard for determining which claims issuing in the reexamination may have enlarged the scope of the patent. (Second Amended Answer ¶¶ 36i–j). In the '896 reexamination, however, Environ consistently compared newly added claims with cancelled claims. (*Id.* ¶¶ 36m, 36v, 36ll). At no point did Environ inform the PTO of the interpretation of § 305 it had advanced before this court. (*Id.* ¶¶ 36l, 36w, 36qq). TCI maintains that Environ's failure to convey to the PTO its interpretation of § 305 was a violation of Environ's duty of disclosure under 37 C.F.R. § 1.555(a). It is at this point that TCI's allegation of inequitable conduct collapses.

The fundamental issue here is whether a statutory interpretation is "material informa-

tion" which must be disclosed to the PTO. For a defense of inequitable conduct to succeed, there must be clear and convincing proof of (1) material prior art or information; (2) applicant's knowledge of that prior art or information and of its materiality; and (3) failure of the applicant to disclose the art or information because of an intent to mislead the PTO. *FMC Corp. v. Manitowoc Co., Inc.*, 835 F.2d 1411, 1415 (Fed.Cir.1987) (footnote omitted). *See also* 37 C.F.R. § 1.555(a) (detailing the duty of disclosure). PTO regulations, in relevant part, define "material information" as information which "refutes, or is inconsistent with, a position that the patent owner takes in ... [a]sserting an argument of patentability." 37 C.F.R. § 1.555(b). These regulations were adopted in 1992 and have not yet been fully clarified. *See, e.g.,* Chisum § 11.03[4][b][v]. TCI apparently seeks to further the interpretive process by including "legal argument" within the definition of "material information." TCI thus argues that the interpretation of § 1.555(b) is a novel and disputed question of law which is not amenable to being stricken from the pleadings. I disagree.

I can find no case holding that "material information" includes legal interpretation. While no case explicitly *excludes* legal argument from the definition of "material information," nearly all court decisions addressing the concept of materiality have focused upon factual matters, such as prior art, publications, test results, and devices. *See, e.g., Allied Colloids Inc. v. American Cyanamid Co.*, 64 F.3d 1570 (Fed.Cir.1995); *Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc.*, 45 F.3d 1550 (Fed.Cir.1995). Although these cases pre-date the recent regulatory revision of § 1.555, their factual focus is in accord with the PTO's Proposed

Rulemaking Notice describing the potential changes to the duty of disclosure which subsequently were enacted.[1]

Further, there is no policy reason which would support the unprecedented expansion of the interpretation of "material information" to include legal arguments. It is difficult to imagine how it would be helpful, much less material, for a patent examiner to know of possible statutory interpretations, particularly when those interpretations are later rejected by the court as was the case here. The patent examiner must conduct the reexamination in light of the law as it then stands—not as it potentially might stand in the future.

In short, I find that the insufficiency of TCI's Fourteenth Affirmative Defense is clearly apparent. Although TCI maintains that its defense presents a disputed question of law, this dispute is one-sided: TCI has mustered no authority to support its position on the definition of "material information." Nor do I believe that further discovery or a hearing would assist in the clarification of this purely legal question. *See Gorwin v. Local 282*, 838 F.Supp. 116 (S.D.N.Y.1993) ("Although the granting of a motion to strike is unusual, it is not inappropriate in a case such as this where a purely legal question is at issue and discovery would not serve any purpose in furtherance of a resolution of the issue.").

Thus, upon review of TCI's particularized pleadings, I find TCI's Fourteenth Affirmative Defense cannot prevail. Grant of a motion to strike is appropriate when there are no circumstances under which a defense could succeed. *United States v. Atlas Minerals & Chemicals, Inc.*, 797 F.Supp. 411 (E.D.Pa.1992). Motions to strike thus save

---

1. In describing what information would fall within the duty of disclosure under § 1.56(b) (the provision for patent applications analogous to § 1.555(b) for patent reexaminations), the PTO states:

> For example, there could be a case where four tests are conducted, with three tests producing results which support applicant's argument for patentability, but the fourth test producing a result which contradicts the other three. Ulti-

mately, it might be decided by the applicant that the fourth test was not valid. Paragraph (b)(2) of proposed § 1.56 would require the disclosure of the results of the fourth test to the Office so that the examiner could weigh the probative value of all the tests. An explanation of why the fourth test is believed invalid by the applicant could also be submitted.

56 Fed.Reg. 37,321, 37,324 (Aug. 6, 1991).

time and expense by eliminating claims which will not affect the outcome of the case. *North Penn Transfer*, 859 F.Supp. at 159. Since TCI's Fourteenth Affirmative Defense, as a matter of law, cannot succeed, it cannot affect the outcome of the case. Accordingly, I shall grant Environ's Motion to Strike Defendant's Fourteenth Affirmative Defense.

An order follows.

## *ORDER*

AND NOW, this 11th day of December, 1996, upon the reasoning in the attached Memorandum, Plaintiff's Motion to Strike Defendant's Fourteenth Affirmative Defense is GRANTED.

* Before the court is the motion of Defendant Total Containment, Inc. (TCI) requesting the court to reconsider its December 11, 1996 Order striking TCI's fourteenth affirmative defense. TCI's fourteenth affirmative defense alleged that Plaintiff Environ Products, Inc. engaged in inequitable conduct by failing to disclose to the Patent and Trademark Office (PTO) a statutory interpretation of 35 U.S.C. § 305 which it advanced before this court and which this court later rejected. In my December 11th Order, I concluded that a possible statutory interpretation was not material information which Environ was obligated to disclose and thus dismissed TCI's fourteenth affirmative defense as legally insufficient. TCI now argues that this court's ruling is contrary to the plain language of 37 C.F.R. § 1.555(b)(2), citing *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 837 F.Supp. 1444 (N.D.Ind. 1992), *aff'd w/o opinion*, 11 F.3d 1072 (Fed.Cir. 1993), *cert. denied*, 511 U.S. 1128, 114 S.Ct. 2136, 128 L.Ed.2d 865 (1994).

A federal district court will grant a motion for reconsideration on one of three grounds: (1) an intervening change in controlling law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent a manifest injustice. *Cohen v. Austin*, 869 F.Supp. 320, 321 (E.D.Pa.1994); *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa. 1993), *aff'd in part, rev'd in part on other grounds*, 57 F.3d 270 (3d Cir.1995). *See also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."). The apparent basis for TCI's motion for reconsideration is a need to correct a clear error of law: the alleged misinterpretation of 37 C.F.R. § 1.555(b)(2).

After careful review of the parties' Memoranda and *Golden Valley*, I do not find that my Order

## *ORDER*

 AND NOW, this 14th day of January, 1997, Defendant's Motion to Reconsider this court's December 11, 1996 Order striking the Defendant's Fourteenth Affirmative Defense is DENIED.*

was clearly erroneous. Patent regulations state that information is material when "It refutes, or is inconsistent with, a position the patent owner takes in: (i) Opposing an argument of unpatentability relied on by the Office, or (ii) Asserting an argument of patentability." 37 C.F.R. § 1.555(b)(2). TCI argues that the decision in *Golden Valley* supports reading § 1.555(b)(2) broadly to include statutory interpretation within the definition of material information. Specifically, TCI quotes the following language in *Golden Valley*:

> Any assertion that is made by a litigant, such as Golden Valley, during litigation, which is contradictory to the assertions made by Golden Valley to the patent examiner, comprises material information, representations, and contradictions that should have been brought to the attention of Examiner Bell.

837 F.Supp. at 1477. This language, however, should be read within the context of the opinion as a whole. The contradictory assertions in *Golden Valley* involved contradictory interpretations of the prior art and its materiality. *Golden Valley*, 837 F.Supp. at 1465. The applicant's own internal attorney opinion reports disclosed awareness of the structure and materiality of this prior art. The court also found that the applicant had failed to disclose to the PTO the material fact that inventorship was being disputed in pending litigation. In short, the contradictory assertions in *Golden Valley* focused upon factual matters, not statutory interpretation. Thus, despite its broad language, I do not find that *Golden Valley* contradicts the reasoning of my Memorandum and Order of December 11, 1996.

Further, I still cannot find any legal precedent or policy rationale for including statutory interpretation, particularly a statutory interpretation rejected by a court, within the definition of material information which must be disclosed to the PTO. Accordingly, I shall deny Defendant's Motion for Reconsideration.