**Kenneth A. EVANS,**

v.

**UNITED STATES of America.**

**No. CIV.A. 01–457.**

United States District Court,
E.D. Pennsylvania.

Aug. 6, 2001.

Kenneth A. Evans, Kennett Square, PA, pro se.

Jonathan D. Carroll, U.S. Dept. of Justice, Tax Division, Washington, DC, for defendant.

### *MEMORANDUM AND ORDER*

KELLY, District Judge.

Presently before the Court is a Motion for Reconsideration filed by the Plaintiff, Kenneth A. Evans ("Evans"). Evans filed suit in this Court against the Defendant, United States of America ("United States"), alleging that he is entitled to recover a tax refund in the amount of $12,322.58. Both parties filed cross-motions for summary judgment. In a Memorandum and Order dated June 26, 2001, the Court granted the United States' Motion for Summary Judgment and denied Evans' Motion for Summary Judgment. Evans now seeks reconsideration of the Court's decision. For the following reasons, Evans' Motion is denied.

## I. BACKGROUND

The parties are in general agreement regarding the underlying facts of the this case. Evans earned in excess of $62,000 in wages during the 1999 tax year. In 1999, Evans' employer withheld from his salary a total of $9,422.58 and forwarded that sum to the Internal Revenue Service ("IRS"). Evans also sent an additional $2,900 to the IRS to be applied his 1999 income taxes. Along with this additional payment, Evans enclosed a letter requesting a refund of all money held by the IRS in payment of his 1999 income taxes. In sum, the letter stated that he was not required to file an income tax return or pay income taxes for a variety of reasons. The IRS did not respond to Evans' requests and did not refund any of his 1999 income taxes.

Proceeding pro se, Evans filed suit in this Court against the United States seeking judgment in the amount of $12,322.58, the amount held by the United States in payment of Evans' 1999 income taxes. The Court denied Evans' Motion for Summary Judgment and granted the United States' Motion for Summary Judgment. Evans filed a Motion for Reconsideration of that decision, which the Court will now consider.

## II. STANDARD OF REVIEW

■■ Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow parties to file motions for reconsideration or amendment of a judgment. Courts should grant these motions sparingly, reserving them for instances when: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. *See, e.g., General Instrument Corp. v. Nu–Tek Electronics*, 3 F.Supp.2d 602, 606 (E.D.Pa.1998), *aff'd*, 197 F.3d 83 (3d Cir.1999); *Environ Prods., Inc. v. Total Containment, Inc.*, 951 F.Supp. 57, 62 n. 1 (E.D.Pa.1996). Dissatisfaction with the Court's ruling is not a proper basis for reconsideration. *Burger King Corp. v. New England Hood and Duct Cleaning Co.*, No. 98–3610, 2000 WL 133756 at *2 (E.D. Pa. Feb 4, 2000).

## III. DISCUSSION

■■ Evans' Motion for Reconsideration does not point out any intervening change in the controlling law since the Court's Order of June 26, 2001. The Motion also fails to identify any new relevant evidence that has since become available that would necessitate a reconsideration of the Court's judgment. In addition, Evans does not contend that there was any error of fact. Therefore, the success of Evans' Motion depends on whether the Court committed a clear error of law or if denying the Motion would result in manifest injustice.

The arguments which Evans sets forth in the Motion for Reconsideration are essentially recycled from his Motion for Summary Judgment. In the instant Motion, Evans contends: (1) he has no income tax liability for 1999; (2) he is not required to file an income tax return; and (3) the United States does not have the authority to place a direct tax upon his wages because such a tax would be an unconstitutional direct tax that would need to be apportioned. The Court adequately addressed these arguments in its Memorandum and Order of June 26, 2001. Evans has not persuaded the Court that it committed any errors of law. Moreover, there is no evidence that manifest injustice would result if the Motion were denied. Accordingly, the instant Motion for Reconsideration is denied.