J-A25003-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| DARLENE C. ROBERTS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHARLES D. LOCKMAN, | : | |
| | : | |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA ON BEHALF OF | : | |
| DARLENE C. ROBERTS/DEPARTMENT | : | |
| OF PUBLIC WELFARE | : | No. 543 EDA 2014 |

Appeal from the Order entered January 10, 2014,
Court of Common Pleas, Philadelphia County,
County Domestics Relations at No. 008103635 – PACSES No. 818004672

BEFORE:  DONOHUE, WECHT and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED OCTOBER 10, 2014**

The Commonwealth of Pennsylvania, on behalf of Darlene C. Roberts ("Mother") and the Department of Public Welfare ("DPW") (collectively, the "Commonwealth"), appeals from the January 10, 2014 order entered by the Philadelphia County Court of Common Pleas following its grant of the petition for special relief filed by Charles D. Lockman ("Father"), setting the arears owed to DPW to zero.  After careful review, we affirm.

The record reflects the following facts.  Mother and Father are the parents of Shimel Roberts ("Shimel"),[1] born February 16, 1978.  Mother is now deceased.  On May 13, 1982, DPW filed a complaint for child support against Father naming itself and Mother as plaintiffs based upon Mother's

---

[1]  Shimel is also referred to in the certified record as Shimel Lockman.

*Retired Senior Judge assigned to the Superior Court.

receipt of public assistance from DPW.[2]  Father began paying $25.00 per week in temporary child support on May 19, 1983, effective May 12, 1982. On July 30, 1985, the trial court entered an order requiring Father to pay $25.00 per week in support and $10.00 per week in arrears to DPW.  The order further stated that the beneficiary shall be changed to Mother effective July 23, 1984.  On June 30, 1987, the trial court entered a subsequent order purporting to "correct" its prior order regarding the change in beneficiary, stating that the beneficiary should be changed to Mother effective July 23, 1984, not July 23, 1985, as it erroneously believed it had previously ordered.  The trial court entered an order terminating Father's child support obligation on September 17, 1997 based upon Shimel's emancipation.

On December 13, 2012, Father filed a petition for special relief stating, in relevant part, that the arrears obligation owed to DPW are less than that reflected in the Pennsylvania Child Support Enforcement System ("PACSES"), as those arrears are actually owed to Mother, not DPW.  An audit conducted on January 9, 2013 revealed that Father was to make child support payments to DPW ("TANF[3] arrears") in the amount of $2,875.00 from May 12, 1982 through July 22, 1984.  The beneficiary changed to Mother ("non-TANF arrears"), as reflected in the aforementioned orders, from July 23, 1984 through January 9, 1995, for which Father owed her

---

[2]  *See* 23 Pa.C.S.A. § 4378.

[3]  TANF stands for Temporary Assistance for Needy Families, and is the cash assistance that DPW provides to individuals receiving public benefits.

$13,675.00. There is a notation on the audit that indicates a "sweep from NON TANF to TANF" occurred, moving $11,535.54 of non-TANF arrears to become TANF arrears, without explanation. Commonwealth Exhibit 1. Additional TANF arrears accrued in the amount of $875.00 from January 10, 1995 through September 11, 1995, when Father acknowledges that Mother was again receiving public assistance. The beneficiary then changed back to Mother from September 12, 1995 through August 4, 1997, with Father owing her $2,475.00 for that time period. The audit further indicates that since 1984, Father had made payments of $8,243.00 on the TANF arrears and $4,689.46 on the non-TANF arrears. Thus, the audit concluded the total adjusted amount owed by Father was $6,967.24 in TANF arrears, which was the amount owed to DPW according to PACSES.

The trial court scheduled a hearing on Father's petition for special relief. After several continuances, the hearing took place on September 27, 2013, at which the Commonwealth presented Shawn Parker ("Parker"), a DPW employee, to testify regarding the client information screens (also known as "scopes"), which indicated that Shimel received cash assistance from DPW from August 24, 1988 through January 24, 1995.[4] Commonwealth's Exhibit 2. Parker testified that he did not compile the

---

[4] The record indicates that there were multiple grants spanning various time periods, but this summary provides the amount of time Shimel was reportedly receiving DPW cash assistance. *See* Commonwealth's Exhibit 2. The scopes also state that Shimel began receiving cash assistance again on January 25, 1995, but there is no end date indicated. *Id.*

scopes in question, could not say whether these scopes were used to conduct the January 9, 2013 audit, and did not testify regarding the amount of money that Shimel received or with whom Shimel was living at the time he received the money. At the conclusion of the hearing, the trial court granted Father's petition and set the arrears owed to DPW to zero.

The Commonwealth filed a timely motion for reconsideration on October 3, 2013. The trial court granted the Commonwealth's motion and scheduled a hearing on January 10, 2014. At that hearing, the Commonwealth attempted to enter into evidence documents and witness testimony that it failed to present at the September 27, 2013 hearing. The trial court refused to allow the evidence and denied the Commonwealth's request for reconsideration.

This timely appeal followed, wherein the Commonwealth raises three issues for our review:

> I. Did the trial court abuse its discretion when it retroactively modified [Father]'s arrears, which accumulated 18 years prior to petition's filing, without a showing that [Father] was precluded from a timely filing of a petition?
>
> II. Did the trial court err in granting [Father]'s petition for special relief when at the hearing of September 27, 2013, the [Commonwealth] presented evidence showing the audit sweep from non-TANF to TANF was true and correct pursuant to 23 Pa. C.S. [§]4378 (b), and [Father] did not present any evidence showing the court's audit to be inaccurate?

[III.] Did the trial court err in denying the [Commonwealth]'s petition for reconsideration at the hearing of January 10, 2014, by not allowing the [Commonwealth] to present the court file, electronic record, and testimony of the audit's author when the court previously granted the [Commonwealth]'s petition for reconsideration on October 8, 2014?

Commonwealth's Brief at 4.

The standard by which we review an order pertaining to child support is well settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*W.A.M. v. S.P.C.*, 95 A.3d 349, 352 (Pa. Super. 2014) (citation omitted).

In its first argument raised on appeal, the Commonwealth contends that the trial court abused its discretion by granting Father's request to retroactively modify his child support arrears without a showing that he was precluded from previously filing for modification because of a significant physical or mental disability. Commonwealth's Brief at 11-12. In support of its argument, the Commonwealth relies upon 23 Pa.C.S.A. § 4352(e) and associated case law. *Id.* at 11-15. Although raised in the Commonwealth's

concise statement of errors complained of on appeal, the trial court did not address this issue in its written opinion.

Section 4352(e) states:

> **Retroactive modification of arrears.--**No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.

23 Pa.C.S.A. § 4352(e).

Our review of the record reveals that this was not a "retroactive modification of arrears" as the Commonwealth contends. Section 4352(e) expressly applies to retroactive modification of a person's "support obligation." "Support" is defined by statute as "[c]are, maintenance and financial assistance." 23 Pa.C.S.A. § 4302. Father did not contest his obligation to make payments of support, nor did he contest the amount of arrears he owed, but instead argued that his arrears were going to the incorrect beneficiary. N.T., 9/27/13, at 45. By granting Father's motion, the

trial court simply found that DPW was not the party entitled to the arrears owed.

Looking at the clear and unambiguous language of section 4352(e), we disagree with the Commonwealth that the statute is applicable in the case before us. *See* 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). As such, the trial court did not abuse its discretion by failing to adhere to the prohibition against retroactive modification of arrears contained in section 4352(e).

The Commonwealth next asserts that the trial court abused its discretion by granting Father's petition based upon the evidence presented by the Commonwealth and Father's failure to satisfy his burden of proving that the audit was inaccurate. Commonwealth's Brief at 16-24. The trial court found that the evidence presented by the Commonwealth was not relevant to and did not answer the question of whether the non-TANF payments were properly converted to TANF payments, as provided in the audit. Trial Court Opinion, 4/15/14, at 6. It further found, "based on the evidence presented and the totality of the circumstances[,] that Father met his burden of proving by [a] preponderance of the evidence that the $11,535.54 was unjustifiably swept from non-TANF to TANF arrears." *Id.* at 7.

We begin with the Commonwealth's claim that the trial court improperly required it to shoulder the burden of proof in this matter. In its argument, the Commonwealth again erroneously refers to this as a support modification case. Commonwealth's Brief at 21. As stated above, this is not a modification of support, but a question as to the appropriate beneficiary of the child support ordered. The law requires that if there is a "reported absence of a legally responsible relative from the household or the presence of a putative father," it is a condition precedent to a custodial parent receiving financial assistance from DPW that the custodial parent seek support for the child. 23 Pa.C.S.A. § 4378(a). The acceptance of financial assistance from DPW "shall operate as an assignment to [DPW], by operation of law, of the assistance recipient's rights to receive support on his or her own behalf and on behalf of any family member with respect to whom the recipient is receiving assistance. Such assignment shall be effective only up to the amount of assistance received." 23 Pa.C.S.A. § 4378(b) (Amended May 13, 2008, effective Oct. 1, 2009).[5]

---

[5] As the assignment of child support in the case at bar pre-dates the effective date of the 2008 amendments to the subsection (b) of the statute, we use the pre-amended version in assessing the case. Effective October 1, 2009, the legislature amended section 4378(b) as follows, with the added provisions in bold:

> Acceptance of assistance shall operate as an assignment to the department, by operation of law, of the assistance recipient's rights to receive support on his or her own behalf and on behalf of any family member with respect to whom the recipient is

The record reflects that Father presented the trial court with court orders from July 30, 1985 and June 30, 1987, indicating that the beneficiary of child support payments made for Shimel reverted from DPW to Mother beginning on July 23, 1984. *See* Defendant's Petition for Special Relief, 12/12/12, at Exhibits D, E; N.T., 9/27/13, at 43. The burden then shifted to the Commonwealth to contradict the order and show that Mother was receiving DPW assistance from July 23, 1984 through January 9, 1995 of at least $11,535.54, or that the amount of aid provided while Mother was receiving DPW benefits exceeded the amount of support DPW received from Father by $11,535.54, either of which would entitle it to sweep that amount of the non-TANF arrears originally allocated to Mother pursuant to the aforementioned orders.

The Commonwealth cites to no statute, rule or case establishing the burden of proof at a hearing questioning DPW's entitlement to child support payments.[6] Our research likewise reveals none. However, as the version of section 4378(b) in effect at the time of the sweep makes clear, DPW was

> receiving assistance. Such assignment shall be effective only up to the amount of assistance received **during the period that a family receives assistance. The assignment shall exclude arrears that accrued prior to receipt of assistance.**

23 Pa.C.S.A. § 4378(b) (emphasis added).

[6] As noted above, the Commonwealth relies on case law concerning a hearing on support modification. *See* Commonwealth's Brief at 21-22. Father failed to file a brief on appeal.

- 9 -

only entitled to capture child support payments made for a child whose custodial parent is receiving assistance up to the amount of cash assistance given by DPW to that parent. Thus, in the face of evidence that DPW was not in fact entitled to capture some or all of the child support arrears that it did, it is only logical that DPW must come forward with evidence that it was entitled to that money. To find that the burden was on Father to prove that the sweep was conducted improperly would make him responsible for obtaining and interpreting documents to which he has no access, and are unintelligible to a person without experience reviewing the documents. *See* N.T., 9/27/13, at 27 (Parker's testimony indicating that you must have "proper access[] and proper credentials" to obtain the scopes to trace a person's history of receiving financial assistance from DPW).

Father filed a petition for relief alleging that Mother, not DPW, was entitled to the child support arrearages DPW obtained in its sweep and presented evidence in support of his claim. We find no error with the trial court's requirement that DPW come forward with evidence that the sweep of the arrearages in question was proper.

The record further supports the trial court's conclusion that the Commonwealth failed to present evidence that DPW was entitled to sweep the $11,535.54 of arrears. As stated above, acceptance of public benefits constitutes an assignment by operation of law of any support received by that individual on his or her own behalf or on behalf of a family member.

23 Pa.C.S.A. § 4378(b) (Amended May 13, 2008, effective Oct. 1, 2009). However, DPW is only entitled to obtain the support payments up to the amount it paid in assistance for that individual. *Id.* At the September 27, 2013 hearing, the Commonwealth presented Shimel's history of DPW assistance, and although Parker testified that, as a minor child, Shimel would be on the same record number as the person with whom he lived, DPW presented no testimony or other evidence that the record number on Shimel's scopes was Mother's record number.[7] N.T., 9/27/13, at 38-39. The trial court found that the Commonwealth's failure to tie Shimel's records to Mother rendered his scopes irrelevant and fatal to the Commonwealth's case. *Id.* at 47, 58; Trial Court Opinion, 4/15/14, at 6. The record further reflects that the Commonwealth provided no evidence of the amount of DPW assistance Mother received during her lifetime for Shimel's benefit, or any evidence that the amount of aid provided while Mother was receiving DPW benefits exceeded the amount of support payments DPW received from Father by $11,535.54.

In a footnote, the Commonwealth asserts that the trial court's file "contains documents revealing the assistance provided [by DPW to Mother] exceeded the child support paid in the amount of over $27,000."

---

[7] The record reflects that the Commonwealth asked Parker about the record number on Shimel's scopes, and after an objection by Father's counsel and questions by the trial court, the Commonwealth failed to follow up and get the answer to the question.

Commonwealth's Brief at 18 n.11.  This evidence was not presented at the hearing, and thus cannot constitute a basis for reversing the trial court's decision.

The Commonwealth further states that it called Parker to explain the welfare scopes "by request of [Father], and by agreement of the parties," and that it failed to have the audit's author testify at the September hearing because Father reportedly conceded at the May hearing that he did not have an issue with the audit.  Commonwealth's Brief at 24-26.  Our review of the certified record on appeal, however, reveals that the notes of testimony from the May 29, 2013 hearing are not contained therein.

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well[]settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by Appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

***Commonwealth v. Martz***, 926 A.2d 514, 524-25 (Pa. Super. 2007) (internal citations omitted).  The fact that the Commonwealth appended the May notes of testimony to its appellate brief does not cure the problem, as "[t]his Court has regularly stated that copying material and attaching it to a brief does not make it a part of the certified record."  ***Commonwealth v. Johnson***, 33 A.3d 122, 126 n.6 (Pa. Super. 2011) (citation omitted).

As its third and final issue on appeal, the Commonwealth asserts that the trial court erred by denying its request for reconsideration. It raises two arguments in support of this claim: (1) reconsideration should have been granted because the Commonwealth showed both that the trial court committed an error of law in making its decision and that reconsideration was required to prevent a manifest injustice; and (2) because it satisfied the standard for reconsideration, the trial court erred by failing to allow the Commonwealth to present evidence at the reconsideration hearing. Commonwealth's Brief at 26-35. The trial court states that there was no error of law or manifest injustice here, that it gave the Commonwealth multiple opportunities to present its evidence and arguments at the hearings on Father's petition, and its failure to do so resulted in waiver. Trial Court Opinion, 4/15/14, at 6-7.

A trial court has the authority to reconsider its own judgment, and the decision of whether or not to do so is left to its sound discretion. *Moore v. Moore*, 634 A.2d 163, 167 (Pa. 1993). It is likewise within the trial court's discretion to determine whether to permit additional testimony, briefs, and/or argument in reassessing its decision. *Id.*

Both the trial court and the Commonwealth rely upon a statement of law espoused by the Federal District Court of the Eastern District of Pennsylvania, presented by Father at the reconsideration hearing, which states: "Courts should grant [reconsideration] sparingly, reserving them for

instances when: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact." **Evans v. United States**, 173 F. Supp. 2d 334, 335 (E.D. Pa. 2001); **see also** Commonwealth's Brief at 27; Trial Court Opinion, 4/15/14, at 7; N.T., 1/10/14, at 6-7.  No Pennsylvania appellate court has adopted this statement of the law.  Nonetheless, the Commonwealth invokes the third instance – reconsideration should have been granted to correct an error of law or fact or to prevent a manifest injustice – which we agree would warrant reconsideration, as it constitutes an abuse of discretion.  **See W.A.M. v. S.P.C.**, 95 A.3d 349, 352 (Pa. Super. 2014) ("if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused").

The Commonwealth presents three errors of law allegedly committed by the trial court.  First, it claims that the trial court erroneously required the Commonwealth to shoulder the burden of proof at the hearing.  Commonwealth's Brief at 27.  As we have already disposed of this argument in the previous issue, it warrants no further discussion.

Second, the Commonwealth states that the trial court incorrectly relied upon the amended version of section 4378(b), and because the arrears in question predate the 2009 amendments, reconsideration should have been

granted. *Id.* at 27-28. Although the Commonwealth is correct that the trial court erroneously quotes the amended version of the section 4378(b) in its written opinion (*see* Trial Court Opinion, 4/15/14, at 6), the court does not rely upon the amended portion of the statute in reaching its decision. *See supra*, n.5. Moreover, as we have already determined that the trial court appropriately granted Father's petition pursuant to the correct version of section 4378(b), we find no error in the trial court's failure to grant reconsideration on this issue.

The third error of law claimed by the Commonwealth is the trial court's finding that an argument it presented at the reconsideration hearing was waived pursuant to Rule of Appellate Procedure 302(a) based upon the Commonwealth's failure to present it at the time of trial. Commonwealth's Brief at 28; *see* Trial Court Opinion, 4/15/14, at 7-8; N.T., 1/10/14, at 27; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). The case was still before the trial court and not yet on appeal, and we therefore agree with the Commonwealth that Rule 302(a) was inapplicable. The record reflects that the argument the Commonwealth wished to present was that the pre-2009 version of section 4378(b) applied and "was not a dollar for dollar, on again/off again sweep." N.T., 1/10/14, at 27. As stated, we have already found that the trial court appropriately granted Father's petition pursuant to the pre-amended version of 4378(b), and we therefore find no abuse of

discretion in the trial court's denial of the Commonwealth's motion for reconsideration.

The Commonwealth further contends that the trial court's ruling results in a manifest injustice. Specifically, the Commonwealth states, without citation to any authority, that because Mother is deceased, the arrears in question "are remitted," and the Commonwealth loses over $6,000 in arrears that "were never proven erroneous." Commonwealth's Brief at 29. We have found no authority to support the Commonwealth's bald claim that Mother's death necessarily means that the arrears will be remitted. Furthermore, we need not address the sufficiency of the evidence argument again raised by the Commonwealth as we have repeatedly stated throughout the memorandum that there was no error in the trial court's grant of Father's petition for special relief.

Lastly, the Commonwealth asserts that the trial court abused its discretion by not permitting it to present certain evidence at the reconsideration hearing – testimony by the person who conducted the audit to explain the sweep, a document that ties Shimel's scopes to Mother's history of DPW benefits, and a document that indicates the amount of money Mother received from DPW in excess of the amount of child support DPW obtained from Father – which would prove that DPW was entitled to sweep $11,535.54 from non-TANF arrears to TANF arrears. Commonwealth's Brief at 29-35. This argument is based upon the

Commonwealth's belief that it satisfied the **Evans** test for reconsideration. **Id.** at 26-27. As we have already found that the Commonwealth failed to prove that reconsideration was necessary to prevent a manifest injustice or to correct a clear factual or legal error, this argument merits no relief.

The trial court found that the Commonwealth had several opportunities to present this evidence, as there was a hearing scheduled which was continued twice at the Commonwealth's request. Trial Court Opinion, 4/15/14, at 6-7. For no reason apparent in the record, the Commonwealth failed to present the evidence it later sought to present at the reconsideration hearing. The trial court found that this did not amount to a change in the law, newly available evidence, or the correction of a manifest injustice or a clear error of law or fact, and thus it declined to allow the evidence. **Id.** at 7; **see Evans**, 173 F. Supp. 2d at 335. We find no abuse of discretion in the trial court's decision.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014